IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| VINCENT F. RIVERA,<br><br>Plaintiff,<br><br>vs.<br><br>FRANK MURKOWSKI, et al.,<br><br>Defendants. | Case No. 3:06-cv-00106-RRB<br><br>ORDER REGARDING<br>PRE-PAYMENT OF FEES<br>and PERMITTING AMENDED<br>COMPLAINT |

Vincent F. Rivera, a self-represented Florida prisoner, has filed civil rights complaint under 42 U.S.C. § 1983, along with an application to waive prepayment of the filing fee, under 28 U.S.C. § 1915.[1] Under the Prison Litigation Reform Act, as a prisoner, Mr. Rivera is now required to pay the full federal court filing fee of $350.00 for his civil case in installments.[2] Mr. Rivera must pay an initial filing fee of 20 percent of the greater of (a) the average monthly deposits to his prison or jail account for the six months immediately before filing the lawsuit; or (b) the average monthly balance in his prison or jail account for that same six month period.

---

[1] See Docket Nos. 1, 2.

[2] See 28 U.S.C. § 1915(b).

The institution with custody of Mr. Rivera will deduct the money, when funds are available, from his account and send the money to the Court as ordered. Mr. Rivera will then owe monthly payments in the amount of twenty percent of the past month's income from his trust account each time the amount in the account exceeds $10.00, until the statutory filing fee of $350.00 is paid in full.[3] Responsibility for collecting these fees and submitting them to the Court lies with the agency that has custody of the prisoner.

The Court must have full and complete information about Mr. Rivera's financial status in order to compute the initial installment payment, and the Court has developed a form to obtain all the information it needs to make the computation. Mr. Rivera will be allowed to file a new application on the enclosed (current) Court form, including all of the required documentation. Mr. Rivera must answer all questions on the application fully, completely and directly, or the application will be denied If a question does not apply, answer "N/A"; otherwise answer "yes" or "no", check all applicable boxes, fill in all blanks, and provide complete information as requested.[4]

Mr. Rivera's did not file an application on this Court's form, which contains the information the Court requires in order to make a determination regarding fees. In addition, Mr. Rivera did not attach a certified copy of his prison trust account

---

[3] See 28 U.S.C. § 1915(b).

[4] See id.

statement for the six month period immediately before filing the complaint.[5] Because Mr. Rivera filed his complaint in May, 2006, he must fill out the last page of the fee application, and must submit a certificate from the institution showing the average monthly deposits and average monthly balance of his trust account statements from November 1, 2005 - April 30, 2006.

Whether or not a prisoner has paid all or part of the filing fee, the Court must dismiss a case if a prisoner's "allegation of poverty is untrue."[6] Also, the Court must dismiss if it decides that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."[7] The Court is aware, however, that it must liberally construe a self-represented plaintiff's pleadings and give the plaintiff the benefit of any doubt.[8] Mr. Rivera is cautioned that, if this case is dismissed, **no part of the fee will be returned**; instead, the Court will continue to collect the fee until it is **paid in full**.

Finally, **a prisoner who files more than three actions or appeals in any federal court in the United States which are dismissed as frivolous or malicious or for failure to state a claim on which relief can be granted, will be prohibited**

---

[5] See 28 U.S.C. § 1915(a)(2).

[6] 28 U.S.C. § 1915(e)(2)(A).

[7] 28 U.S.C. § 1915(e)(2)(B); see also 28 U.S.C. § 1915A.

[8] See Ortez v. Washington County, 88 F.3d 804, 807 (9th Cir. 1996).

from bringing any other actions without prepayment of fees unless the prisoner can demonstrate that he or she is in "imminent danger of serious physical injury."[9]

### Frivolous Claims

Mr. Rivera, a Florida State prisoner, has filed a convoluted and incomprehensible complaint in which he appears to allege that there are "phantom" prison employees throughout the country, including Alaska, who are "subverting the electoral process of the United States."[10] Mr. Rivera does not state how any Alaska defendant has harmed him in violation of his Constitutional rights, or the basis upon which he may seek relief in this Court. Because "a complaint . . . is frivolous where it lacks an arguable basis either in law or in fact,"[11] Mr. Rivera's claims, as stated, appear to be frivolous.

---

[9] 28 U.S.C. § 1915(g); see also, *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997) ("Section 1915(g)'s cap on prior dismissed claims applies to claims dismissed both before and after the statute's effective date. Therefore, regardless of the dates of the dismissals, the analysis is the same: three prior dismissals on the stated grounds equals no in forma pauperis status in new filings, unless the prisoner is in imminent danger of serious physical injury").

[10] Docket No. 1 at 2.

[11] *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); see also *Martin v. Sias*, 88 F.3d 774, 775 (9th Cir. 1996); *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

## Amending Complaint

Mr. Rivera will be allowed to amend complaint before service.[12]  In the amended complaint, Mr. Rivera must state, specifically, what defendant(s) did or did not do which he believes constitutes a federal legal wrong, and what specific relief he wants from the Court.  Because Mr. Rivera is alleging violations of his federal civil rights, the Court has attached a form to assist him in amending the complaint.  In completing this form, Mr. Rivera must carefully **follow** the **instructions** with the form.  Mr. Rivera must give **facts** in support of each claim.  Mr. Rivera should state the facts in his own words, as if he were **briefly** and **concisely** telling someone what happened.  The facts must specifically allege how **each** defendant has harmed him, and must avoid stating conclusions.  Last, Mr. Rivera must then **sign** and **date** the complaint.  Later, if Mr. Rivera's claims proceed before the Court on the merits, at the discretion of the Court, he may be given an opportunity to file a brief on the issues in which he may more thoroughly argue his case as he has done in his initial complaint.[13]

---

[12] See FED. R. CIV. P. 15(a).

[13] A complaint "shall contain a **short and plain statement** of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2) (emphasis added).  A complaint is the "initial pleading that starts a civil actions and states the basis for the court's jurisdiction, the basis for the plaintiff's claim, and the demand for relief." BLACK'S LAW DICTIONARY 279 (7th ed. 1999).  A brief, on the other hand, is a "written statement setting out the legal contentions of a party in litigation, ... consisting of legal and factual arguments and the authorities in support of them." Id. at 186.

Further, Mr. Rivera should make no reference to the initial complaint or other extraneous (outside) documents. The Court cannot refer to a prior pleading in order to make the amended complaint complete. An amended complaint must be complete in itself without reference to any prior pleading.[14] This is because, as a general rule, an amended complaint supersedes (takes the place of) the original complaint.[15]

**IT IS HEREBY ORDERED** that:

1. Mr. Rivera's request to waive prepayment of fees, at docket number 2, is DENIED with leave to amend;

2. If Mr. Rivera decides to proceed with this action in light of the above-described risks, he must file an amended application to waive prepayment of fees on the enclosed form, **including all the requested documentation**, on or before **June 12, 2006**, as set forth in this Order; otherwise on or before **June 12, 2006**, he must pay the Court's $350.00 filing fee, or this action will be dismissed without further notice;

3. The Clerk of Court is directed to send form PS10, Prisoner's Application to Waive Prepayment of Fees, with instructions, to Mr. Rivera with this Order;

---

[14] See D.Ak.LR 15.1(2).

[15] See *Florida Dept. of State v. Treasure Salvors, Inc.*, 458 U.S. 670, 706 n. 2 (1982) ("It is the complaint which defines the nature of an action, and once accepted, an amended complaint replaces the original"); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989).

4. If Mr. Rivera decides to proceed with this action in light of the above-described deficiencies, he may file an amended complaint **on the enclosed prisoner's civil rights complaint form**, as set forth in this Order, on or before **June 12, 2006**;

5. The Clerk of Court is directed to send form PS01, Prisoner's Complaint Under the Civil Rights Act, with instructions, to Mr. Rivera with this Order;

6. In the alternative, Mr. Rivera may file the enclosed notice of voluntary dismissal, without prejudice, on or before **June 12, 2006**;[16]

7. The Clerk of Court is directed to send form PS09, Notice of Voluntary Dismissal, to Mr. Rivera with this Order; and

8. Mr. Rivera shall provide the Court with the original, plus one complete and legible copy, of every paper he submits for filing, as required by this Court's Local Rule 10.1(b).

DATED this 11th day day of May, 2006, at Anchorage, Alaska.

/s/RALPH R. BEISTLINE
United States District Judge

---

[16] Filing a voluntary dismissal avoids the risk of a "strike" under 28 U.S.C. § 1915(g) (a prisoner who files more than three actions or appeals in any federal court in the United States which are dismissed as frivolous or malicious or for failure to state a claim on which relief can be granted, will be prohibited from bringing any other actions without prepayment of fees unless the prisoner can demonstrate that he or she is in "imminent danger of serious physical injury").