IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| VINCENT F. RIVERA,<br><br>    Plaintiff,<br><br>vs.<br><br>FRANK MURKOWSKI, et al.,<br><br>    Defendants. | Case No. 3:06-cv-00106-RRB<br><br>ORDER OF DISMISSAL |

    Vincent F. Rivera, representing himself, filed a civil rights complaint, which this Court screened as required under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.[1] The Court then permitted Mr. Rivera to amend his complaint in order to state a claim for which relief can be granted in federal court.[2] Mr. Rivera's amended complaint, however, still fails to state a claim for relief.

    As was explained to Mr. Rivera, he must show how the defendants have harmed him in violation of his federal rights, or otherwise show the basis upon which he may

---

[1] *See* Docket Nos. 1, 3.

[2] *See* Docket No. 3 at 6.

seek relief in this Court.[3]  Because "a complaint . . . is frivolous where it lacks an arguable basis either in law or in fact,"[4]  Mr. Rivera was warned that his claims appeared to be frivolous.  Yet, Mr. Rivera has again stated the same kind of broad, general allegations of wrongdoing by the defendants on a state and national scale, and has said nothing, in his amended complaint at docket number 4, to explain how the defendants have injured him (in Florida, where he is currently incarcerated, or elsewhere) in violation of his federal rights.

**Therefore, IT IS HEREBY ORDERED that:**

1. This action is dismissed with prejudice,[5] and this dismissal constitutes a "strike" under 28 U.S.C. § 1915(g).[6]

---

[3]  *See id.* at 4.

[4]  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Martin v. Sias*, 88 F.3d 774, 775 (9th Cir. 1996); *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

[5]  *See Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (dismissal, with prejudice, upheld after "weigh[ing] the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/ respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits").

[6]  "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

2. Mr. River's amended application to waive prepayment of the filing fee, at docket number 5, is DENIED as moot.

DATED this 7th day of June, 2006, at Anchorage, Alaska.

/s/RALPH R. BEISTLINE
United States District Judge