UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

VINCENT F. RIVERA,
PLAINTIFF(S)/PETITIONER(S)        NO. 06 CV 106 RRB

v.

FRANK MURKOWSKI, GOVERNOR,
ET AL, DEFENDANTS/RESPONDENTS.

Provided By Santa Rosa C.I.
MAR 13 2008
For Mailing

RECEIVED
MAR 18 2008
CLERK, U.S. DISTRICT COURT
ANCHORAGE, ALASKA

## MOTION TO REOPEN JUDGMENT-ORDER AND MEMORANDUM OF LAW

PLAINTIFF(S)/PETITIONER(S) VINCENT F. RIVERA, PRO SE AND PURSUANT TO FED. R. CIV. P. 60(b)(3) & (6), MOST RESPECTFULLY MOTIONS THIS HONORABLE COURT TO REOPEN THE JUDGMENT-ORDER BELOW, AND WOULD STATE:

1.) THE JUDGMENT-ORDER BELOW IS (WAS) BASED UPON PRISON LITIGATION REFORM ACT (PLRA) PROVISO, P.L. NO. 104-134, 110 STAT. 1321 (APR. 26, 1996). THE PLRA IS NOTHING MORE THAN A CORPORATE PROFITEERING SCHEME, DESIGNED BY CONGRESSMAN ALCEE L. HASTINGS, D-FLA, A FORMER U.S. DISTRICT JUDGE FOR THE SOUTHERN DISTRICT OF FLORIDA (MIAMI). REP. HASTINGS HORSETRADED THE PLRA BILL TO SENS. ROBERT DOLE, R-KS, JON KYL, R-ARIZ (CO-SPONSORED THE PORK BARREL REDUCTION ACT WITH SEN. JOHN McCAIN) THEN FORMER PRESIDENT BILL CLINTON SIGNED IT INTO LAW. IT IS AXIOMATIC THAT REP. HASTINGS D-FLA, INTENDED TO CREATE A MEASURE THAT WOULD ESTABLISH AN ECONOMIC MODEL FOR PRIVATIZATION. BECAUSE THE COMPANIES COMPRISING THE PRISON INDUSTRIAL COMPLEX, EXTENDS TO THE WORLDWIDE INDUSTRIAL COMPLEX AND THE DEFENSE INDUSTRIAL BASE, THEREBY GIVING RISE TO "GLOBALIZATION POLICY," VIA SECESSION. AND BY DOING SO THE STATE, IN WHICH THE PRISONER LAWSUIT IS FILED. AN EXPLANATION FOLLOWS.

THE STATE CONTRACTS WITH THE PRIVATIZATION COMPANIES IN THE PRISON BELT, KEEPING IN MIND THAT THE STATE'S 8TH AMDT OBLIGATIONS EXTEND TO THE PRISON COMPANIES. THE COURT MUST REALIZE THAT THE SHERMAN ANTITRUST ACT, 15 USC §§ 1 & 2, PROHIBITS ANTICOMPETITIVE BEHAVIOR. IN FACT, THE COMMODITIES EXCHANGE ACT, 7 USC §§ 1-24, AND - SAR-BANES/OXLEY LAW, APPLY TO THIS UNUSUAL CIRCUMSTANCE THUS ENTITLING MR. RIVERA TO RULE 60(b) RELIEF. SEE RECORD AND COURT FILE IN RIVERA V. GONZALES, NO. 1:05CV 246 (TSE/BRP), SINCE JUDICIAL PROPAGANDA PERMEATES THE JUDGMENT-ORDER BELOW, WHICH DOES NOT DO MUCH FOR "JUDICIAL DIGNITY." ACCORD SCARANO V. CENTRAL RAILROAD CO. OF NJ, 203 F.2d 510, 513 (3rd Cir. 1953). MOREOVER, FORMER PRESIDENT BILL CLINTON EMPHASIZED THE INCOMPARABLE IMPORTANCE OF JUDICIAL APPOINTS DURING HIS TENURE, BY APPOINTING THE SECOND HIGHEST NUMBER OF JUDGES, OF ALL US PRESIDENTS (378), AND YET, SENATOR HILLARY RODHAM CLINTON, WHO IS RUNNING FOR PRESIDENT IN 2008, HAS NOT TOUCHED ON THE MATTER DURING HER CAMPAIGN. CLEARLY RELUCTANT TO FLAG THE JUDICIARY'S EXPANDED ROLE-I.E., OBSTRUCTING A DERIVATIVE SHAREHOLDERS ACTION, AND SUPPRESSING EVIDENCE OF INSIDER-TRADING, ENTERPRISE CORRUPTION, AND PUBLIC CORRUPTION. THE CULTURE OF CORRUPTION THAT MR. & MRS. CLINTON HELPED BUILD; IN ALL ITS DECEPTIVE MODES (EARMARKED PORK BARREL PROJECTS).

WHEREFORE, PLAINTIFF(S)/PETITIONER(S) RESPECTFULLY REQUESTS THIS HONORABLE COURT GRANT THIS MOTION.

VINCENT F. RIVERA

MEMORANDUM OF LAW.

THE INSTANT CASE WAS DISMISSED PURSUANT TO THE CONGRESSIONAL MANDATE OF THE PRISON LITIGATION REFORM ACT, P.L. NO. 104-134, 110 STAT. 1321 (APRIL 26, 1996)(HEREINAFTER PLRA). HOWEVER, THE COURT ABUSED ITS DISCRETION BY REMEMBERING TO COMPLY WITH A MANDATE THAT REQUIRES FEDERAL JUDGES TO DISPLAY BIAS. WHILE FORGETTING THAT SUCH A CIRCUMSTANCE CHANGES THE ENTIRE FORMAT OF THE CASE. BIAS OF SUCH MAGNITUDE REQUIRES THE SITTING JUDGE TO IDENTIFY THE GROUNDS GIVING RISE TO SUCH BIAS. SEE 28 USC § 455(a) ON THE JUDGES OWN MOTION, THAT IS, ACCORD US v. TUCKER 78 F.3d 1313 (8th CIR. 1996). WHEREFORE, SUA SPONTE DISMISSAL AS THE PLRA MANDATE, REPRESENTS A PROCEDURAL DUE PROCESS FLAW. SINCE THE APPEARANCE OF BIAS, AS OPPOSED TO ACTUAL BIAS "IS AXIOMATIC. IN BRIEF, THE SITTING JUDGE MADE SURE THAT THE COMPLAINANT (RIVERA) DID NOT ADVANCE THE RECORD, OR PROCEED TO THE DISCOVERY PHASE. SUA SPONTE DISMISSAL BEING THE STRATEGY. BUT CF. LOVE v. MORTON, 112 F.3d 131, 136 (2d CIR. 1997). HOWEVER, THE TRIAL JUDGE CAN BY NO MEANS FOLLOW THE LAW AND BREAK THE LAW IN THE (SAME) BREATH. AT FIRST BLUSH PLRA ENFORCEMENT, TAKES ON THE CHARACTER OF LEGITIMACY. BUT THE SCALES ARE TIPPED IN THE STATES FAVOR. BECAUSE THE PLRA CREATES "PRIVILEGED CONDITIONS" FOR THE PUBLIC CORPORATIONS COMPRISING THE PRISON INDUSTRIAL COMPLEX. AND ITS CONTROLLING STAKEHOLDERS/MAJORITY SHAREHOLDERS IN PUBLIC OFFICE. WHICH CORRESPONDS TO AN ILLEGAL INSIDER TRADING SCHEME. THE GOVERNOR OF EACH RESPECTIVE STATE AWARDS PREFERRED COMPANIES LUCRATIVE BUSINESS CONTRACTS (SWEETHEART DEALS). THE STATE LEGISLATURES (STATE-TO-STATE) PAYOUT CONTRACT FEES. AND THE PRISON INDUSTRIAL COMPLEX (COMPANY-BY-COMPANY) CONVERTS CAPITAL GAINS INTO STOCKS, BONDS, CURRENCY OPTIONS, MUTUAL FUNDS, CORPORATE POLITICAL DONATIONS, ASSET GROUPS, DIVIDENDS, MONEY MARKET FUNDS, AND OTHER FINANCIAL PRODUCTS. FOR DISTRIBUTION TO CONTROLLING STAKEHOLDERS/MAJORITY SHAREHOLDERS IN PUBLIC OFFICE.

THE MONEY APPORTIONED TO THE PRISON INDUSTRIAL COMPLEX IN CONTRACT FEES, IS PART OF THE STATE BUDGET. AND IS DRAWN FROM THE STATE TREASURY. MANY OF THE FIRMS COMPRISING THE PRISON INDUSTRIAL COMPLEX ACTUALLY LAUNDER NET EARNINGS BY AND THROUGH SHAM ENTITIES, SHELL COMPANIES, PHANTOM FIRMS, BOGUS BUSINESSES, AND NOMINEE OFFICERS; POSING AS THE CORPORATE PARENTS, PREDECESSORS, PARTNERSHIPS, SUBCONTRACTORS, SUBSIDIARIES, SUCCESSORS, ASSIGNS, ACQUISITIONS, AGENTS. AND DIVESTITURES OF THE PRISON INDUSTRIAL COMPLEX. WHICH OPENS THE DOOR TO THE SECRET OFFSHORE ACCOUNTS OF PUBLIC OFFICIALS (EARMARKERS/LOGROLLERS), SON-OF-BOSS TAX SHELTERS, TAX EVASION, PILLAGING, BID-RIGGING, CONTRACT-STEERING, AND PUBLIC CORRUPTION. THE PLRA WAS ENACTED BY THE FORMER CLINTON ADMINISTRATION IN 1996. FROM 1996 - 2006, THE CHAIRMAN OF THE SENATE COMMERCE COMMITTEE IGNORED THE ILLEGAL ECONOMIC ACTIVITY OF THE PRISON INDUSTRIAL COMPLEX - VIZ. SEN. JOHN MCCAIN, R-ARIZ. WHICH ADDS GOVERNMENT IN THE SUNSHINE" TO THE APPARENT COMMERCE CLAUSE VIOLATION. ESSENTIALLY, THE FORMER CLINTON WHITE HOUSE, AND FORMER U.S. ATTORNEY GENERAL, MS. JANET RENO, RATIFIED THE PLRA AS THE BRIDGE BETWEEN "PRIVATIZATION POLICY" AND "GLOBALIZATION POLICY." AN UNLAWFUL AND UNCONSTITUTIONAL BRIDGE KNOWN AS "RESTRAINT-OF-TRADE." BUT CF. U.S. v. ORS, INC., 997 F.2d 628 (9th CIR. 1993). COMMENTING ON "THE DREAM ACT," SEN. MITCH MCCONNELL, R-KY PUBLICLY STATED THAT THE GOVERNMENT SHOULD NOT REWARD UNLAWFUL BEHAVIOR. WHY SHOULD SENATORS JOHN MCCAIN AND HILLARY RODHAM CLINTON, D-NY, BE AN EXCEPTION TO SUCH A VIEWPOINT[?]

*[signature]*

VINCENT F. RIVERA

CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT A TRUE AND COMPLETE COPY HEREOF WAS FURNISHED BY MAIL OR HAND-DELIVERY TO: MR. MICHAEL B. MUKASEY, U.S. ATTORNEY GENERAL, DEPARTMENT OF JUSTICE, CONSTITUTION AVENUE & 10TH ST NW, WASHINGTON DC 20530; THIS 13TH DAY OF MARCH 2008.

                                          VINCENT F. RIVERA #578348
                                          SANTA ROSA CORR. INST.
                                          5850 E. MILTON RD
                                          MILTON, FLORIDA 32583
                                          PRO SE

---

[1] U.S. ATTY. GEN. MR. MICHAEL B. MUKASEY WAS APPOINTED TO THE POST IN OCTOBER 2007, AND CONFIRMED IN DECEMBER 2008. MR. MUKASEY IS A FORMER U.S. DISTRICT JUDGE. HIS DEPUTY, MR. MARK PHILLIPS, IS ALSO A FORMER U.S. DISTRICT JUDGE.

Vernon A. Rivera
S185118 Santa Rosa
Correctional Institute
5850 East Milton Florida
32583

MAILED FROM
A STATE CORRECTIONAL
INSTITUTION

UNITED STATES POSTAGE
$00.410
MAR 14 2008
PINEY BOWES
02 1A
0004344370
MAILED FROM ZIP CODE 32583

Clerk of the District
United States District Court
District of Alaska

222 West 7th avenue
Box U
Anchorage, Alaska 99513-7564

LEGAL